89 F.3d 831
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Isaac PURVIS, Jr., Defendant-Appellant.
 No. 95-5814.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 20, 1996.
Decided July 2, 1996.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CR-94-72)
 Before HALL, WILKINS, and HAMILTON, Circuit Judges.
 
 
 1
 J. Edgar Demps, Portsmouth, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Charles P. Rosenberg, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 
 
 2
 E.D.Va.
 
 
 3
 AFFIRMED.
 
 OPINION
 PER CURIAM:
 
 4
 James Isaac Purvis, Jr., appeals the district court order revoking his supervised release and imposing a sixteen-month term of imprisonment. Purvis contends that the district court erred in originally sentencing him to serve six months of his supervised release in a community corrections center. Purvis asserts that, because the conditions imposed as part of his supervised release were illegal, he cannot be sentenced for violating that release. We hold that the district court properly sentenced Purvis.
 
 
 5
 Purvis pled guilty to three felony counts charging him with fraudulent use of credit cards and attempted forgery in violation of 15 U.S.C. § 1644 (1988), and 18 U.S.C.A. # 8E8E # 2, 510(a)(2) (West 1969 & Supp.1996). He was sentenced to a prison term of sixteen months to be followed by a three-year term of supervised release, the first six months of which were to be served in community confinement. Purvis did not appeal.
 
 
 6
 After serving his prison sentence, Purvis was released, and he reported to the community corrections center. Shortly thereafter, he failed to return as required from a meeting with his attorney. A petition for revocation of the supervised release was filed in district court. At the hearing, Purvis admitted to violations of his supervised release, and he was sentenced to sixteen months in prison. On appeal, Purvis challenges for the first time the original conditions of his supervised release.
 
 
 7
 Purvis's claims are without merit. Community confinement is statutorily authorized as a permissible condition of supervised release. 18 U.S.C.A. §§ 3563(b)(12), 3583(d) (West Supp.1996). Furthermore, contrary to Purvis's contention, there is no requirement that the district court state on the record its consideration of each of the factors stated in 18 U.S.C.A. §§ 3553(a)(1), 3553(a)(2)(B)-(D) (West 1985 & Supp.1996), before imposing conditions of supervised release. After a thorough review of the record, we are convinced that the district court properly considered the nature and circumstances of Purvis's offense, his criminal history, and all other relevant factors before imposing community confinement as a condition of his release. See United States v. Davis, 53 F.3d 638, 642 (4th Cir.1995) (sentencing court need not engage in a "ritualistic incantation in order to establish its consideration of a legal issue.").
 
 
 8
 Therefore, we affirm the order revoking Purvis's supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.